**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**MARK A. BATES**
Schererville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

FILED

Jan 27 2012, 9:22 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRETT ZAGORAC, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 64A03-1011-CR-589 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE PORTER SUPERIOR COURT
The Honorable Mary R. Harper, Judge
Cause No. 64D05-1002-FC-1706

**January 27, 2012**

**MEMORANDUM DECISION ON REHEARING – NOT FOR PUBLICATION**

**MAY, Judge**

Brett Zagorac petitions for rehearing of our decision affirming his conviction of Class B misdemeanor battery.[1] Therein, we stated:

> Zagorac also alleges his conviction should be reversed because the trial court admitted evidence that was inadmissible due to the way it was obtained. We need not address that claim, however, because the evidence at issue was merely cumulative of other evidence properly admitted, namely the victim's testimony. *See Purvis v. State*, 829 N.E.2d 572, 585 (Ind. Ct. App. 2005) (erroneous admission of evidence is harmless if it is cumulative of other evidence), *trans. denied*.

*Zagorac v. State*, 64A03-1011-CR-589, slip op. (Ind. Ct. App. September 28, 2011).

On rehearing, Zagorac argues we "improperly neglect[ed] to address and decide appellant's claim that the trial court committed reversible error by allowing the jury to hear appellant's statements made as a result of the illegal interrogation by police[.]" (Rehearing Br. of Appellant at 2.) In support thereof, Zagorac asserts the victim N.A.'s testimony was "not cumulative of *all* the statements or actions made by the appellant which [sic] were recounted by the police over his objection." (*Id*.) (emphasis in original). We grant rehearing to clarify our conclusion the police testimony regarding the alleged "illegal interrogation" (*id*.) was cumulative and therefore harmless.

N.A.'s mother, Kelly, asked her brother-in-law, Samuel, a police officer, to run the license plate number for the car Zagorac drove to her house for tutoring sessions. Zagorac had been using the name B.J. Wilhelm, but the BMV report indicated the car belonged to Brett Zagorac. On the day Zagorac alleges police engaged in an "illegal interrogation," (*id*.),

---

[1] Ind. Code § 35-42-2-1.

Samuel and N.A.'s father confronted Zagorac regarding the discrepancy in the name he used

in his Craigslist ad and the name under which his car was registered. Kelly's testimony about

that conversation was:

> [State]: [Kelly], were you ever present downstairs when [Zagorac] identified himself?
> [Kelly]: Yes, I believe so.
> [State]: Okay. What did he say?
> [Kelly]: Well, actually I believe it took my brother-in-law asking because he stuck with I'm B.J. Wilhelm, B.J. Wilhelm. And I believe my brother-in-law was like, are you sure it's not Brett Zagorac.
> [State]: And what did he say?
> [Kelly]: It wasn't so much what he said as the way he looked.
> [State]: How did he look?
> [Kelly]: Terrified.
> [State]: Did he eventually respond to who he was?
> [Kelly]: Yes.
> [State]: What did he say?
> [Kelly]: He said he was.
> 
> . . .
> 
> [State]: At any point did you confront [Zagorac] about who he was?
> [Kelly]: I don't believe I confronted him about who he was. I just asked him why he lied to me.
> [State]: Okay. What do mean [sic] lied to you?
> [Kelly]: Well, why he lied about his – why he lied about his name.

(Tr. at 181-82.) Kelly testified Samuel then told her to call the police, and N.A.'s father

exited the basement at that time. The alleged "illegal interrogation" (Rehearing Br. of

Appellant at 2) of which Zagorac complains did not occur until after other police officers

arrived, indicating the information regarding Zagorac's true identity was elicited not only

during the alleged "illegal interrogation" (*id.*) but also before that time, during a conversation

between Samuel, N.A.'s father, and Zagorac. Therefore, the information regarding

3

Zagorac's identity, which was the crux of the alleged "illegal interrogation" (*id.*) was cumulative not only of N.A.'s testimony, but also of his mother's testimony.

Because the information gleaned from the police involvement in this case was cumulative of other testimony as cited specifically in this rehearing opinion, we reaffirm that any possible error was harmless. *See Purvis v. State*, 829 N.E.2d 572, 585 (Ind. Ct. App. 2005) (erroneous admission of evidence is harmless if it is cumulative of other evidence), *trans. denied*.

NAJAM, J., concurs.

RILEY, J., would deny Petition for Rehearing.